Mr. Donnellan appeals a non-final decision and therefore has the burden under this court's Williams decision to demonstrate that he falls within the exceptions set out in Williams. The fundamental question here under the Williams criteria is whether or not Mr. Donnellan would be likely to prevail before the agency under this new increased standard created by this decision. And Mr. Donnellan's position is that he would. He believes that he can meet this more difficult standard of a permanent increase beyond the natural progression of this condition. However, that simply meets the test that was imposed by this decision, which then permits this court to review that because the reversal of that decision would negate the remand proceedings as ordered and would require under this court's instruction for the veterans court to direct the board to apply correctly Sections 1110 and Sections 1111 in the resolution of this question. Are you arguing that Mr. Donnellan had a right to a decision rather than a remand and that that's what we should decide? No, no. I'm sorry. I wonder if I suggested that in my comments. I'm simply saying that under the Williams criteria, one of the criteria is whether or not this decision by the veterans court would evade judicial review. And it would if Mr. Donnellan prevailed before the agency on remand given the higher test imposed by the existing decision from the veterans court. But that wouldn't prejudice him. That would not prejudice him. Well, excuse me. It would prejudice him because he would be required to submit more evidence than was required to substantiate his entitlement to benefits. He would derive the benefits even under the increased standard. I mean, it might have made it more difficult. But if he prevailed, then he has won his case. That's correct, Your Honor. But as I understand the Williams criteria, the Williams criteria permits this court in its discretion to consider a matter that would affect the disposition of the matter alone. But wouldn't that apply to every remand? Well, no. It would only apply to those remands. I mean, every remand, the party could argue that, well, you know, I should have had a decision at the veterans court and not had to undergo this remand. Or I should have had a decision at the federal circuit and not had to undergo the remand. I'm sorry. It's not about whether there is a decision. It's whether the decision instructed the board to apply the law correctly. But that does seem to cover just about every case that's within our jurisdiction. Because the typical, in a remand case where there has been a remand ordered by the court, it seems to me the typical case is that the veteran comes here and says that the court got it wrong. The court used a legal standard that was too restrictive. That legal standard will govern the remand. If that's the pattern that fits within the exception to Williams and the exception to Williams, it seems to me, becomes swallows the rule. I can't imagine – I'm having a hard time thinking up a case that wouldn't fit within that exception. I'll put it that way. Can you? Well, the most recent case that this court dealt with was Cullen. And in Cullen, it was conceded by the government that there would be a remedy to the veteran had – if he is denied. And therefore, the Williams exception requires him to go back and get that denial before the agency, re-adjudicate it before the veterans court, and then come back to this court because then there would be a final decision. It's requiring the veteran to submit to that standard. And as I read the Williams exception, the exception is that this court can discern a legal error that, if corrected, would change the criterion on remand. And the legal error, if it wouldn't change anything in remand, it presumably would be deemed harmless. That's correct. But if it would, which is going to be the great bulk of the cases, it would seem to me that that just means that we're going to be looking at virtually every remand case. I don't think so, Aaron, because the criteria is that it must be able to dispose of the case. Would the new rule, or if you will, would the correct rule dispose of the case in a way different than the rule that is being challenged? And the rule that is being challenged – When you say dispose of, you mean it would affect the disposition – The ultimate disposition. That's correct. But that's why you're here. And that's why veterans' appellants are always here, which is to try to get a better legal rule for purposes of affecting the downstream proceedings. So I'm hard-pressed to see why that isn't the standard form appeal, rather than an exception to a rule which has been described as a narrow exception to a rule that basically says no appeals from remand orders with these narrow exceptions. And we believe that this case falls within that narrow exception because of the nature of the legal determination that was made in this case that creates a standard that does not exist within the statutory scheme. Why is there a substantial risk that it won't come back? I believe because Mr. Don Allen can prevail, and then that puts the rest of the veterans' community who serve in the status of active duty for training at the mercy of this incorrect legal decision until there is another veteran who suffers the consequence of that and then must appeal it. There has to be a substantial risk. That isn't a Ken Carpenter belief standard. I understand that. That is a substantial risk. Tell me how I find the substantial risk here. Well, the substantial risk is whether or not under the facts of this case, Mr. Don Allen can meet it. Mr. Don Allen was taken from active duty to the hospital. We know the facts, and that's part of the problem is that you're really asking us to look at these facts which aren't really within our... Well, I think you have to examine the facts to the extent of determining whether or not this does or does not fall within the Williams exception. If it falls within the Williams exception, then this court needs to consider the merits of the legal question that's being presented. If not, then it is deferred until such time as either Mr. Don Allen suffers from the rule that is imposed by this decision and returns to this court with a final decision below, or some other veteran similarly situated who was injured while serving active duty for training. I had always thought that the substantial risk of an issue being lost forever and not being available does not turn on the possibility that the petitioner or appellant would win and therefore would not need to bring the issue back, but rather that the issue would be lost by virtue of the fact that the issue is itself the right not to have to be exposed to a remand. The Byron case, which you brought to our attention and recently decided, is a case in which the whole argument was that Ms. Byron should not have to endure a remand because the court had a judicial entitlement and duty to decide that case, the Court of Appeals for Veterans Claims. That issue would never have come back under any circumstance because once the CAVC sends the case back to the board, she can't rescue that issue. So that is an issue that is uniquely presented at the remand appeal, as was her case. It seems to me your case is a case that can come back because if your client loses, he'll be back. Well, that is certainly correct, but it seems to me that the converse... And there's very strong facts out there, aren't there, that you're going to have to overcome to prevail. There's the December 1988 letter saying that physical activity could not possibly have caused the perforation. Well... That says there's no way. And you're going to have to overcome all of that. Except that the question is, Your Honor, a permanent increase in what? And what that opinion focused on was not the resulting disability that occurred during the period of active duty for service while in active duty for training. And so it seems to me that that's not as difficult... Why would you tell us with such a straight face, oh, this isn't coming back? Because of the nature of what happened to him while... He was literally taken from active duty to the hospital. And he has a permanent increase in the condition that existed at that time. Now, the legal question is whether or not he has to face the burden of aggravation without the benefit of the presumption of soundness. Under the current ruling, he doesn't get the benefit of presumption of soundness. The court did a complete workaround of the presumption of soundness by finding that the aggravation didn't apply. And now, under a definitional statute, Mr. Don Allen is required to prove things that no other veteran is required to prove. Can I just... This is slightly collateral, but just to make sure I understand the whole fabric of the case. Now, you mentioned the presumption of soundness. Is it really the presumption of soundness we're talking about here or the presumption of aggravation? I thought we were talking about 1153, and maybe they bleed into one another, but he wasn't... Everybody agrees he wasn't sound, I mean, in the sense of he had this condition, pre-existing condition. The only question is, did that condition get aggravated during service, right? Absolutely wrong. The presumption of aggravation? The board incorrectly applied 1153 and should not have gone to 1153, but had gone to this newly created criterion that applies only to those veterans who are on active duty for training. No, no, but what's your view? He didn't have this condition before his active duty for training period, right? There is only one entrance examination to service, and that entrance examination to service happened in 1969. He served on regular active duty, and he is entitled to the benefit of that presumption from that date, going on to all periods of active duty that happened thereafter. Assume that you're not correct about that, and I understand your position, but there is also an argument, is there not, that he is entitled to the same presumption of aggravation under 1153 that any active duty veteran would be entitled to, correct? Not under the decision. Your position would be that he is, right? I believe he is entitled to the presumption of aggravation in the second prong of the presumption of soundness under 1111. And the difference between the second prong and how 1153 is applied is that 1111's second prong requires the VA to presume aggravation, as opposed to 1153 where you have a condition noted at the time of entrance to service. There is only one entrance examination, and that controls whether you go down the 1111 track or the 1153 track. And that's why addressing this issue is so fundamental to the adjudication of benefits for all veterans. 1111 says every veteran. 1110 says any veteran. The decision below creates two classes of veterans. We have one class of veterans who don't get the benefit of the presumption of soundness because they were on active duty for training. But this Williams standard as a whole just talks about adversely affecting the party, not the future of all other litigants who will have their chances to litigate when their cases happen, right? And he was adversely affected because what the court did below was to find that the presumption under 1153, which the board relied upon, didn't apply, but didn't send it back to apply 1111, but sent it back to apply a whole cloth, newly created set of standards that has no statutory basis. But to follow up on Chief Judge Rader's question, the question of whether this higher standard applies or not, if your client prevails, that question will be lost. But as I said earlier, it wouldn't matter to him because he's prevailed. But you're saying, well, that matters to other veterans. But is that really the way we should be looking at this, as to whether there's an issue that might be lost to other veterans in the future? Well, I certainly think that's a component of it, Your Honor, but you also have to examine the decision below. You cannot make the determination under Williams without examining what the decision was that was made. And the decision that was made in that case was to expressly reject 1153 and to send it back upon a criteria that heretofore didn't exist. The court didn't say, go back and re-adjudicate this under a particular entitlement statute. Well, that won't be lost, though, if he loses after the remand, correct? It will not be lost, Your Honor, and I certainly have to concede that. That's the only point I was trying to make, that he will have the entitlement to argue that if he loses. He will, but again, we're talking... So then the question is, is the driving force to our making an exception and hearing this case because it might affect future veterans, is that a proper basis for us to do this? I think it should be, Your Honor, because of the length of time that it takes to adjudicate this, the length of time it will take Mr. Don Allen to return to this court is one consideration, but all of the other veterans who are going to be affected, who are serving right now on active duty for training, and if they're injured, they have a new set of criteria that has no statutory... But that's not the Williams standard. That's something you're urging us to do, but the Williams standard says must adversely affect the party seeking review, not the future of the law. And that's where you have to examine what was done in this case to this particular veteran by the decision below. He was adversely affected because what the board said he was entitled to, the benefit of 1153, the court said the board was wrong in applying 1153, and we're going to apply something that isn't anchored in 1110 and isn't anchored in 1111. And it can't be anchored in 1153 because they said to the board you already did that wrong. We all agree that it doesn't apply to other veterans. It's only the adverse, the party seeking review, right? I think ultimately, Your Honor, that is the determination of this court as to how the Williams criteria is or is not applied. Oh, sure. I'm still a little hung up on the 1111 point and I just want to make sure I understand what your argument is here. Now, I served, let's say, between 1965 and 1969, and then I joined the reserves. After I was discharged from active duty, I had an appendectomy or something, and subsequently I was in my two-week summer tour on active duty for training, and there was a flare-up of that condition. Now, I don't understand how 1111 would really apply to me. I mean, I was in sound condition in 1965 and I was in equally sound condition in 1969. When I had my appendectomy, I was in private life. Yes, I was part of reserves, but I had the appendectomy, let's say, in 1980, and then the flare-up occurred in 1982. What does 1111 have to do with me? It's the starting point, Your Honor, and it's the question of how 1153 is applied. As this court noted in Wagner, the second prong of 1111 is 1153 with a twist, and the twist is that the VA must presume that what happened to you during service was an aggravation. So, even if you prove prong one, that there was a pre-existing condition, then prong two still requires clear and unmistakable evidence that what occurred was not the natural progression of the condition. What the Veterans Court has done is completely reverse that and shifted the burden to the veteran, which is not appropriate. Under 1153, it's shifted to make a showing that there was an increase. No, I understand. That's what the Veterans Court did in this case, and you object to that, and I understand that. But it just seemed to me that 1153 effected a presumption, and that that presumption is the one that applies here rather than 1111, but I understand your argument. Thank you very much. Thank you. Ms. Kirchner, would you give – we'll give Mr. Carpenter back one minute of rebuttal, and he'll give her an extra minute. May it please the Court. The appeal should be dismissed because the third factor of the Williams test for review of a remand order has not been met. There is not a substantial risk that the Veterans Court's interpretation of sections 1110, 101 subparagraph 2, and 101 subparagraph 24 would evade review if the claimant loses on remand. I think the difficulty here is that the appellant is construing the third factor of the Williams test and meaning or requiring the Court to consider the likelihood of the claimant to prevail on remand. That is not the third factor of the Williams test, and I don't believe it's ever been enunciated in that way. Rather, the third factor asks, if the claimant loses on remand, is there a substantial risk that the question – that the interpretation of law would evade review? And it's our position that this Court's decisions in Meyer and Wynn v. Brown and Joyce are dispositive of the issue of whether the case is appealable. Further, there's not a question here as to whether this remand order itself is illegal because the case is being remanded. This is not like firing, as the Court has recognized. The appellant is not contending here that the remand itself is illegal. Actually, what happened here is that the claimant argued in favor of a remand to the Veterans Court. He asked for a remand, and the reason why the remand was necessary was there was a prior order from the Board of Veterans' Appeals directing that there be an independent medical opinion on several questions. On first, whether there was a worsening of this condition that he had prior to the training. And then secondly, if there was a worsening of that condition, was the worsening beyond the natural progression of the condition? These were issues, factual issues, that the independent medical expert was supposed to address, and he had failed to address. What's the effect of Section 111? The presumption of soundness. Yes. Yes. The effect of that is that this Court lacks jurisdiction to address those arguments. The appellant is arguing here that he is entitled and that every claimant is entitled to a presumption of soundness. The difficulty he has is that he did not make that argument to the Veterans Court, and the Veterans Court did not address that argument. So under 38 U.S. Code 7292, there is a total lack of jurisdiction to address what seems to be the crux of the appeal here. Now, I would point out that the remand will give the appellant a second chance. He can make all the arguments that he failed to make to the Veterans Court on remand. If he loses before the board, and then if it goes to the Veterans Court a second time, he can make his arguments regarding a presumption of sound condition to the Veterans Court and alleviate the jurisdictional defect that he has at this time, that this Court cannot address whether this claimant is entitled to a presumption of soundness. And then lastly, in this Court's opinion in Mayor, the Court in footnote 2 pointed out that where the claimant is contending that he doesn't want to participate in the remand and that the remand itself is improper, he should say that to the Court, to the Veterans Court. He should make a motion to that effect to the Veterans Court. That wasn't done in this case. Instead, this is a case where the claimant himself asked for the remand, and the factual record is inadequate. It's inadequate to decide whether this claimant is a Veteran, and it's inadequate to decide the merits of his claim. Let's take the example that you gave, at least by implication, that would you agree that if someone comes in and says, I don't want a remand and I think a remand is improper and I would like a decision from the Court on the merits of my claim, that that would be enough to give us, I won't say jurisdiction because it's not jurisdictional, but give us the right consistent with the Williams test to hear that case. It certainly is relevant evidence in applying the Williams test. But in Williams itself, the claimant contended that the remand was illegal, that the remand was improper. But the Court went further and didn't just accept that statement. They examined the nature of the contentions that the claimant was making in deciding whether the remand was appealable. It would seem to me that if someone were quite eager to have this Court address the merits of his claim, he would say, I believe that the CAVC should decide this case, and I insist that the CAVC decide my case, and then come to this Court if the CAVC orders a remand and say, I'm entitled to a decision now from the Federal Circuit. Wouldn't that happen? I agree that if he contended that the remand was illegal, the claimant would say all of those things. The point only is that in the Williams case, that happened. Yet in Williams, this Court examined the nature of the arguments and found that because the arguments that were being presented to the Court dealt with the analysis of the Veterans Court that would govern the remand, because that was the nature of the argument, then that was something that could be reviewed on appeal of a final Veterans Court judgment. And therefore, the appeal was dismissed. I'm not sure how much to address the merits here, but I'll just set out a few. Perhaps you can help me, because I'm still struggling a bit with the 1111 issue. You heard my hypothetical example of my service in the 60s, my subsequent appendectomy and the aggravation during my two-week active duty for training. Would 1111 have any role to play in the analysis of whether I was entitled to benefits under those circumstances? Well, I think it will take me a little while to address this. First of all, the hypothetical... Is it a yes or no? Well, it has a role, but I think I have to explain it. It probably doesn't have the role that Your Honor anticipates. The hypothetical that you gave was someone who had active duty and then became a reserve. Right. in section 101, subparagraph 2, because the definition of... It's someone who was in the Guard from the get-go, right? Somebody who was in the National Guard. That's a different hypothetical. Well, I understand, but you're distinguishing my prior service and reserve from, I take it, from the National Guard. No, no. The first hypothetical you gave, you gave someone on, as I understood it, someone on active duty... Correct. ...who was discharged and then was a member of the reserve. Correct. That individual meets the definition of veteran because he was on active duty and then he was discharged or released from service. Okay. So he does meet the definition of 101, subparagraph 2. Okay. But getting to the question of what section 1111 would have to do with my claim, it's hard for me to see that it has anything to do with my claim because I was fine when I came into the service, I was fine when I left, and it was only years later when I was on my... that anything pertinent began to happen. I'm just hard-pressed to see why 1111 matters in that case. We agree it doesn't matter.  We agree it doesn't matter. So you know that 1153, arguably at least, in that situation, right? That individual, in the first hypothetical you gave, that individual is a veteran because he had active duty. Right. And I understand the... Well, go ahead. That individual in that hypothetical, the presumption of soundness has nothing to do with it, as Your Honor pointed out, because what that asks is, was he sound at the time when he entered into service? There's no dispute in your hypothetical that he was sound back in whatever it was he entered into service. 65 and he was sound when he left. Yes. So that was not entirely. It's not relevant. Right. Okay. So I think I've missed your hypothetical. I think you have. You did say that there's a difference, and I think I understand where you were going with that, between the person who is in the reserves is a different definitional category from some of the... from the category we're talking about here, correct? That's right. That's right. Congress itself set out three categories of claimants, and these are set out in Section 101.24, where Congress set out the three categories, those being on active duty, then those being on active duty for training, and then lastly, those on inactive duty for training. And each category has different elements that they have to meet to establish a claim for benefit. For example, the inactive duty for training claimant, he has to show that he has an injury during his period of training. It's not enough that he shows disease. The statute in Congress has required that he show injury, and that injury has to be caused in some medical fashion by the training. And then there's the second group, which is the group here at issue, those on active duty for training, and Congress has required that those individuals show either an injury or a disease, and it has to be either incurred during the period of training or aggravated during the period of training. And those are requirements that Congress has required that the claimant offer some evidence up front in support of the claim, and that's what the definition of that is. In Judge Bryson's hypothetical, the person who was on active duty at one time, was discharged and subsequently there was an aggravation that occurred during a period of active duty for training. Is there what presumption of aggravation, if any, applies during the period of the injury while that person is on active duty for training? As Congress has set it out, if someone meets the definition of veteran, meaning that he was on active duty and there was discharge, and that's a veteran. So in that hypothetical, that person would be a veteran? He would be a veteran. The language of Section 1110 decides whether you're entitled to compensation if you're a veteran. And then the definition of aggravation that applies to Section 1110 is set forth in 1153, and that's where you find the presumption. So in Judge Bryson's hypothetical, that individual, because he was a veteran, Congress has given him the presumption of aggravation set forth in 1153. So it's the government's burden to show otherwise? The government would have to show that the increase, that the worsening is due to the natural progression of the condition. But if instead of being in active service and then subsequently in the Reserves, he had been in the Army National Guard the entire time from 1969 until whenever, then he would not have the benefit, I take it, in the government's view and per the CABC, of 1110, he becomes a veteran only insofar as he qualifies under 10124, I guess it is. And then the presumption does not ride with him, correct? That's right. He has an initial burden under Section 10124 to make out the aggravation. So he has to come forward, he has to have some evidence to show the worsening of the condition and that it's not due to the natural progression of the condition. And then lastly, I'll just say that as to the arguments made regarding whether this has to be a permanent increase, a permanent worsening of the condition, we believe that this Court's decision in Davis is dispositive. Thank you, Ms. Kirchner. Mr. Carpenter? One minute. I'd just like to direct the Court's attention to JA 36-40, which is his entrance examination to service in 1969. And so clearly, the hypothetical, the description that was described here about the entitlement, the consideration of the benefits as a veteran, as opposed to having, as he has now been ordered to do, to demonstrate that he is a veteran, are different than what was in the Court's orders, based upon the statements that were made today. Thank you, Mr. Carpenter. That concludes the morning.